27 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael GARRETT, Plaintiff-Appellant,
v.
MERCHANT'S, INCORPORATED, Defendant-Appellee.
 No. 93-1660.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 7, 1994.
Decided: June 17, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-92-1446-A)
 Jack L. Gould, Fairfax, Virginia, for Appellant.
 Adin Carl Goldberg, Reid & Priest, New York, New York, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and MICHAEL, Circuit Judges, and RONEY, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff Michael Garrett sued his former employer, Merchant's, Inc. under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001, et seq. (1988), alleging Merchant's terminated him with the intent to interfere with his rights under an employee health benefit plan. Following a bench trial, the district court entered judgment in favor of Merchant's. Garrett appeals, contending that the court 1) erred by rejecting his claim for mental anguish and striking his jury demand, 2) made clearly erroneous findings of fact, and 3) abused its discretion regarding the admissibility of certain evidence. We affirm.
 
 
 2
 Merchant's, a tire and automotive services retailer, hired Garrett in April 1988. As a Merchant's employee, Garrett participated in its group health insurance plan, an employee benefit plan covered by ERISA. In January 1990, Garrett went on medical leave to undergo a combined kidney and pancreas transplant. He returned to work for a short time that spring, but organ rejection required further hospitalization and, eventually, a second transplant operation. Merchant's plan, which is partially self-funded, paid almost $230,000 for Garrett's medical expenses. It was foreseeable, moreover, that the plan would continue to incur large costs for the indefinite future for Garrett's medication and periodic clinical treatments.
 
 
 3
 On September 2, 1991, Garrett returned from leave and was reinstated as a retail sales manager in Merchant's store in Tyson's Corner, Virginia. The next day, however, he received a disciplinary notice for failing to follow the store manager's directions. During the next several weeks, Garrett scored poorly on a telephone survey used by Merchant's to evaluate its employees' sales techniques, and was criticized for unsatisfactory work by Merchant's regional vice president, Frank Rose, who observed him in the store for a day. In early October 1991, Rose, having conferred with the district manager, decided to terminate Garrett's employment.
 
 
 4
 Garrett was informed of the decision on October 14, 1991. Approximately one week later, he wrote a letter to Merchant's president, suggesting that he had been terminated because his medical costs were too high. On November 12, 1991, Rose met with Garrett and offered to reinstate him at the retail sales manager position, at the same salary and on the same terms he had when discharged. Further, because Garrett complained that the district manager had treated him unfairly, Rose offered to place him in a store in another jurisdiction. Garrett, however, declined Rose's offer and instead demanded, among other things, a promotion to assistant manager, a 25% raise, and a one year contract. Rose rejected the proposal, explaining that Merchant's did not give contracts to employees, and that Garrett had not shown the ability to work as an assistant manager. Garrett was not reinstated.
 
 
 5
 Garrett brought this action under Sec. 510 of ERISA, 29 U.S.C. Sec. 1140 (1988), contending that Merchant's unlawfully terminated him to avoid responsibility for his medical expenses. Garrett's complaint sought reinstatement, back pay, withheld benefits, and compensatory damages for mental anguish. In a pretrial order, the district court ruled that damages for mental anguish are not recoverable under ERISA, and struck Garrett's demand for a jury trial. After a one day bench trial, the court entered judgment for Merchant's, concluding that Garrett had failed to prove that it discharged him with the specific intent to interfere with his rights under the plan. This appeal followed.
 
 Mental Anguish Under ERISA
 
 6
 Garrett contends at the outset that the court erred by ruling that compensatory damages for mental anguish are not recoverable under ERISA and by striking his jury demand. Garrett's claim arises under Sec. 510 of ERISA, which makes it "unlawful for any person to discharge ... a participant ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under [an employee benefit] plan...." Section 510 incorporates, and is enforced through, the provisions of Sec. 502(a), 29 U.S.C. Sec. 1132(a) (1988), which read in part as follows:
 
 
 7
 A civil action may be brought--
 
 
 8
 (1) by a participant or beneficiary--
 
 
 9
 * * * *
 
 
 10
 (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; ...
 
 
 11
 * * * *
 
 
 12
 (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.
 
 
 13
 The district court properly ruled that Garrett's claim for emotional damages was not cognizable under either Sec. 502(a)(1)(B) or Sec. 502(a)(3). Garrett concedes in his reply brief that the Supreme Court's recent decision in Mertens v. Hewitt Associates, --- U.S. ----, 113 S.Ct. 2063 (1993), forecloses any argument that extracontractual compensatory damages, such as mental anguish, are available under Sec. 502(a)(3).
 
 
 14
 Garrett contends, however, that such damages are available under the alternative enforcement provision, Sec. 502(a)(1)(B). Even assuming, as the district court did, that Garrett stated a claim under Sec. 502(a)(1)(B), his argument is unavailing. A plaintiff suing under Sec. 502(a)(1)(B) cannot recover damages for mental anguish. Reinking v. Philadelphia American Life Insurance Co., 910 F.2d 1210, 1219 (4th Cir.1990), overruled as to another point in Quesinberry v. Life Ins. Co., 987 F.2d 1017, 1030 (4th Cir.1993) (en banc).
 
 
 15
 Because all the other remedies sought were equitable in nature, Garrett was not entitled to a jury trial under the Seventh Amendment.
 
 
 16
 See also Biggers v. Wittek Industries, Inc., 4 F.3d 291, 297 (4th Cir.1993) (claims to recover benefits due under terms of ERISA plan are tried before court, not jury). The request for a jury trial rests entirely on the unfounded assumption that ERISA provides a legal remedy for mental anguish.
 
 Findings as to Intent
 
 17
 Garrett challenges the district court's finding that Merchant's did not act with unlawful intent when it terminated his employment. To prevail on a Sec. 510 claim, a plaintiff must prove that his employer discharged him with the specific intent to interfere with his rights under an employee benefit plan. Conkwright v. Westinghouse Electric Corp., 933 F.2d 231, 238 (4th Cir.1991).
 
 
 18
 The district court, after hearing all the evidence and weighing the credibility of witnesses, concluded that Merchant's articulated a legitimate, nondiscriminatory reason for the termination and that, ultimately, Garrett failed to prove the specific intent element of his claim. In the court's view, the strongest evidence negating specific intent was Merchant's offer, in November 1993, to reinstate Garrett to the retail sales manager position, at the same salary and on the same terms existing at the time of his discharge. The court found that it would be "passing strange" for a company to offer to reinstate an employee whose benefits it intended to cut off.
 
 
 19
 Acknowledging that this finding is subject to the clear error standard of review, Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985), Garrett contends the evidence did not establish that Merchant's made a specific offer of reinstatement. According to Garrett, Merchant's failure to designate the exact store to which he would return made the offer insufficient as a matter of law. This argument is not well taken. As the district court noted, the store location was left open simply to permit Garrett to choose one outside the jurisdiction of a particular district manager who allegedly treated him unfairly. Presumably, a specific store would have been named had Garrett not rejected the offer outright, insisting on a better deal. The district court's finding regarding the lack of specific intent is not clearly erroneous.
 
 Admissibility of Testimonial Evidence
 
 20
 Garrett argues that the district court abused its discretion by permitting a particular witness to testify at trial, and by limiting the scope of another's testimony. A review of the record reveals that, under the circumstances, the court's rulings on these points were well within its discretion.
 
 AFFIRMED